UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WALKER, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | CIVIL NO. 4:CV-06-790 |
| | : | |
| | : | (Judge McClure) |
| HEALTH SERVICES, LEWISBURG | : | |
| PENITENTIARY, ET AL., | : | |
|     Defendants | : | |

## **MEMORANDUM**

May 9, 2007

**Background**

    Michael Walker ("Plaintiff"), an inmate presently confined at the Federal Correctional Institution, Manchester, Kentucky, initiated this *pro se* civil rights action. Service of the complaint was previously ordered.

    Named as Defendants are the Health Services Department at Plaintiff's prior place of confinement, the United States Penitentiary, Lewisburg ("USP-Lewisburg"), and the following prison officials: Health Services Administrator Steve Brown and Physician Assistants ("PAs") Ferdinand Alama and Mark Peoria. Walker states that over a period of eight (8) months during his USP-Lewisburg confinement he complained to Defendants Peoria and Alama that he was suffering from "foot fungus, athlete's feet and a foot rash" from wearing the same shower

shoes as everyone else. Record document no. 1, ¶ 2. PAs Peoria and Alama prescribed Clotrimazole cream for Plaintiff's condition. However, the complaint alleges that after using the cream for four (4) months, "the problems still weren't cured." Id. at ¶ 4.

After the Plaintiff voiced additional concerns, the PAs purportedly responded by telling him to keep using the medication and to make sure that it was taken three (3) times daily. Despite using the Clotrimazole cream as directed for three (3) to four (4) months, the complaint asserts that Walker's condition still did not improve. Plaintiff concludes by asserting that complaints regarding the alleged neglectful medical treatment which he submitted to Defendant Brown and a prison counselor were ignored. His complaint seeks compensatory damages.

Defendants responded to the complaint by filing a motion to dismiss and for summary judgment. See doc. 13. The motion has been briefed and is ripe for consideration.

**Discussion**

Defendants note that prior to his arrival at USP-Lewisburg, Walker raised numerous similar complaints regarding foot related problems.[1] They acknowledge that Plaintiff was held at USP-Lewisburg from June 13, 2005 until

---

[1] The first foot related complaint by Walker was allegedly made on October 31, 2002.

May 25, 2006. A supporting declaration submitted under penalty of perjury by Defendant Alama also admits that Plaintiff was treated by the prison's Health Services staff on six (6) occasions for his athlete's foot condition. See Record document no. 17, Exhibit 2. Specifically, on October 4, 2005, approximately four (4) months after his arrival at USP-Lewisburg, Plaintiff requested and was provided with Clotrimazole cream for treatment of his athlete's foot. On November 15, 2005, Defendant Alama responded to a request by the Plaintiff by providing him with Clotrimazole cream.

On January 5, 2006, Walker was prescribed Ketoconazole cream by Defendant Alama for foot pruritus and educated as to regular body hygiene. Walker was given additional refills of Clotrimazole cream (per his request) by Alama on January 27, 2006 February 24, 2006, and March 31, 2006. During each of these visits, Alama avers that he again educated Plaintiff as to foot hygiene.

In a declaration submitted under penalty of perjury, Defendant Peoria states that he never treated Walker during his USP-Lewisburg confinement. See Id., Exhibit 3, ¶ 2. A declaration by Defendant Brown contends that "I have no recollection of this inmate" and there are no records indicating that Walker ever "sent me any written complaints." Id. at Exhibit 4, ¶ 2.

Defendants seek dismissal of the complaint or alternatively, entry of summary judgment on the grounds that: (1) the Plaintiff failed to exhaust his

3

available administrative remedies; (2) the complaint fails to set forth a viable constitutional claim and (3) they are entitled to qualified immunity.

**Standard of Review**

Defendants' pending dispositive motion is accompanied by evidentiary materials [documents] outside the pleadings which are relevant for purposes of both determining the issue of administrative exhaustion as well as their alternative arguments. Rule 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). The Court will not exclude the evidentiary materials [documents] accompanying Defendants' motion. Thus, their motion will be treated as solely seeking summary judgment.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against

4

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id.  In evaluating a motion for summary judgment,

5

the entire record must be examined in the light most favorable to the nonmoving party.

**Administrative Exhaustion**

Defendants' initial argument maintains that Plaintiff failed to exhaust his administrative remedies with respect to any of his present claims. 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense. See e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)(holding, in the context of a Title VII case, that failure to exhaust administrative remedies is an affirmative defense). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Rather, it is the burden of a defendant asserting the defense to plead and prove it. Id.; Williams v. Runyon,130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

The BOP has established a multi-tier Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment.[2]  See 28 C.F.R.

---

2. Matters excluded from this program are set forth at 28 C.F.R. § 542.12, which states as follows:

> (a) An inmate may not use this Program to submit a Request or Appeal on behalf of another inmate. This program is intended to address concerns that are personal to the inmate making the Request or Appeal, but shall not prevent an inmate from obtaining assistance in preparing a Request or Appeal, as provided in § 542.16 of this part.
> (b) Requests or Appeals will not be accepted under the Administrative Remedy Program for claims for which other administrative procedures have been established, including

(continued...)

§§ 542.10-542.19 (1998). "This program applies to all inmates confined in institutions operated by the Bureau of Prisons, to inmates designated to Community Corrections Centers (CCCs) under Bureau of Prisons' responsibility, and to former inmates for issues that arose during their confinement but does not apply to inmates confined in other non-federal facilities." Id. at § 542.10.

The program provides that, with certain exceptions, "... an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request For Administrative Remedy."[3] Id. at § 542.13(a). Next, if informal resolution fails, the inmate must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within 20 "calendar days following the date on which the basis for the Request occurred." Id. at § 542.14(a). If a valid reason for delay is given, an extension of the filing time may be granted. Id. at 542.14(b). The Warden has 20 calendar days from the date the

---

(...continued)
> tort claims, Inmate Accident Compensation claims, and Freedom of Information or Privacy Act requests. Staff shall inform the inmate in writing of the appropriate procedure if the Request or Appeal is not acceptable under the Administrative Remedy Program.

3. CCC inmates are not required to seek informal resolution. Id. at § 542.13(b). Informal resolution is not required for those matters identified in § 542.14(d), which include sensitive issues and DHO, Control Unit, and Controlled housing status appeals. Id. Additionally, informal resolution may be waived in individual cases at the discretion of either the Warden or the institution Administrative Remedy Coordinator "when the inmate demonstrates an acceptable reason for bypassing informal resolution." Id.

Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal on the appropriate form (BP-10) to the Regional Director within 20 calendar days of the date the Warden signed the response. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form (BP-11) to the General Counsel within 30 calendar days from the date the Regional Director signed the response. Id. "When the inmate demonstrates a valid reason for delay, these time limits may be extended." Id. The Regional Director has 30 calendar days to respond and the General Counsel has 40 calendar days in which to respond. Id. at § 542.18.

The response time provided for at each level may be extended in writing "once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level." Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

According to a declaration under penalty of perjury filed by USP-Lewisburg supervisory Attorney L. Cunningham, during the eleven (11) month period he spent housed at USP-Lewisburg , Plaintiff filed one request for an administrative remedy. Record document no. 17, Exhibit 1, ¶ 3. Specifically, on April 26, 2006, Walker appealed the result of a disciplinary hearing. Cunningham adds that there is no record

9

that the Plaintiff ever sought administrative relief with respect to his present claim of being denied adequate treatment for a foot condition while housed at USP-Lewisburg. See id. at ¶ 4.

A review of the undisputed record shows that Defendants have satisfied their burden under Williams of establishing that Walker's present civil rights allegations relating to the alleged failure of USP-Lewisburg Health Services staff to provide him with proper medical treatment for his athlete's foot were not administratively exhausted. Although Plaintiff has submitted an opposing brief to the pending dispositive motion, his opposing brief fails to address or even mention the Defendants' non-exhaustion argument. See record document no. 20.

In addition to Walker's failure to demonstrate compliance with the administrative exhaustion requirement, he has not adequately demonstrated any proper basis as to why he should be excused from the exhaustion requirement. Pursuant to the above discussion, dismissal of Walker's claims for non-exhaustion is appropriate. Based on that determination, summary judgment will be granted in

favor of Defendants under § 1997e(a) .[4]  An appropriate Order will enter.

---

[4] Based upon the Court's conclusion that Plaintiff's present claims are subject to dismissal for non-exhaustion of administrative remedies, a discussion regarding the Defendants' remaining argument is not required.

                                               s/ James F. McClure, Jr.
                                               JAMES F. McCLURE, JR.
                                               United States District Judge

 

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WALKER,                           :

11

|  |  |
|---|---|
| Plaintiff | : |
|  | : |
| v. | : CIVIL NO. 4:CV-06-790 |
|  | : |
|  | : (Judge McClure) |
| HEALTH SERVICES, LEWISBURG | : |
| PENITENTIARY , ET AL., | : |
| Defendants | : |

## **ORDER**

May 9, 2007

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Defendants' dispositive motion is construed as solely seeking summary judgment.

2. Defendants' motion for summary judgment (Record document no. 13) is GRANTED.

3. Summary judgment is entered in favor of the Defendants based upon the Plaintiff's failure to exhaust administrative remedies as required pursuant to 42 U.S.C. § 1997e(a).

4. The Clerk of Court is directed to close the case.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge